**EXHIBIT 1**

NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
                                         SUPERIOR COURT DIVISION

GUILFORD COUNTY    2013 JUL 26 PM 2:46    13CVS 7338

JAMES MAHONEY,    GUILFORD COUNTY, C.S.C.
                                  )
      Plaintiff,               BY )
v.                                     )           COMPLAINT
                                  )
MORTGAGE INVESTORS          )
CORPORATION OF OHIO also doing   )
business as MORTGAGE INVESTORS   )
CORPORATION,                  )
                                  )
     Defendant.               )

       This is an action for damages brought by the Plaintiff, James Mahoney, by and through his undersigned attorney, against the Defendant, Mortgage Investors Corporation of Ohio also doing business as Mortgage Investors Corporation (hereinafter "Defendant" or "MIC"). The facts and allegations are set forth as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of law in it's direct and indirect contact of the Plaintiff regarding loan services and/or other consumer products or services.

2. Plaintiff is seeking monetary damages.

3. Venue is proper pursuant to N.C. Gen. Stat. § 75-105(f) and because Defendant purposefully contacted Plaintiff within the forum on more than one occasion including the initiation of the first contact between the parties.

4. This case is brought the applicable statute of limitations for claims arising under all relevant law.

## PARTIES

5. Plaintiff James Mahoney is a natural person who resides in the City of Greensboro, County of Guilford, State of North Carolina, and is a "telephone subscriber" as set forth in N.C. Gen. Stat. § 75-101(11). Further Plaintiff is a person affected by violations of the Telephone Consumer Protection Act (TCPA).

6. Defendant MIC is an Ohio corporation which maintains its principal place of business at Mortgage Investors Corporation, 6090 Central Avenue, St. Petersburg, Florida 33707.

7. At all times relevant to this Complaint Defendant MIC transacted business in North Carolina and across the vast majority of the United States including but not limited to placing telephone calls to consumers regarding mortgage loans and related services.

8. At all times relevant to this Complaint Defendant Mortgage Investors Corporation of Oho transacted business as Defendant Mortgage Investors Corporation.

9. Defendant was and is a "telephone solicitor" as defined by N.C. Gen. Stat. § 75-101(10).

## FACTUAL ALLEGATIONS

10. Plaintiff's home telephone number of (336) 8XX-XXXX has been registered continuously on the National Do Not Call Registry since July 22, 2006.

11. Plaintiff has never had an "established business relationship" with the Defendant as defined under N.C. Gen. Stat. § 75-101(3) or federal law.

12. Upon information and belief, at all times relevant to this Complaint the VA Loan Center was a business entity that maintained a business relationship or affiliation with the Defendant. Upon information and belief, VA Loan Center solicited consumers for potential mortgage loans and related business and then shared consumer lead and contact information with Defendant.

13. Upon information and belief, Defendant authorized the VA Loan Center to market goods and services provided by the Defendant. VA Loan Center did market goods and services to Plaintiff that would be provided by the Defendant.

14. At all times relevant to this Complaint the VA Loan Center constituted a "third party telemarketer".

15. Defendant is a "seller" and "telemarketer" engaged in "telemarketing" as those terms are defined in the Telemarketing Sales Rule, 16 C.F.R.§ 310.2(aa), (cc), and (dd).

16. The VA Loan Center was and is a "telephone solicitor" as defined by N.C. Gen. Stat. § 75-101(10).

17. Plaintiff, at his above-referenced home phone number, received a series of phone calls from calling phone numbers of (253) 246-8554. Plaintiff received the phone calls at the following dates and times (all times Eastern Standard Time): 1:10 pm, 5:10 pm, 6:01 pm, and 6:43 pm on August 18, 2012; 1:37 pm and 5:37 pm on August 20, 2012; 2:12 pm, 6:12 pm, and 6:45 pm on August 23, 2012; 6:20 pm on August 24, 2012; 2:59 pm, 3:29 pm, 4:43 pm, 7:00 pm, 7:29 pm, and 7:43 pm on August 25, 2012; 6:13 pm, 6:44 pm, 7:30 pm, 8:13 pm, 8:34 pm, and 8:39 pm on August 27, 2012; 12:14 am, 12:34 am, 12:39 am, 10:16 am, 10:26 am, 12:33 pm, 4:16 pm; and 5:06 pm on August 28, 2012.

18. Each time Plaintiff answered a phone call, as enumerated in the paragraph immediately above, from the calling phone number of (253) 246-8554 the person calling identified himself or herself as with the VA Loan Center.

19. For all phone calls made by the VA Loan Center to the Plaintiff the VA Loan Center was an agent and representative of the Defendant.

20. All phone calls by the VA Loan Center to the Plaintiff were made on behalf of the Defendant.

21. All phone calls by the VA Loan Center to the Plaintiff were made for the benefit of the Defendant.

22. For the purpose of each phone call by the VA Loan Center to the Plaintiff the VA Loan Center was the "telemarketer" and the Defendant was the "seller".

23. Plaintiff has never had an "established business relationship" with the Defendant as defined under N.C. Gen. Stat. § 75-101(3) or federal law.

24. At approximately 6:07 pm. on August 28, 2012, a representative from the Defendant contacted Plaintiff for the first time. Defendant's representative called the Plaintiff at his home telephone number. Defendant's representative on this call stated the call was made due to Plaintiff's contact with the VA Loan Center. The Defendant's representative who called Plaintiff solicited Plaintiff for a Veterans Administration mortgage loan refinance. After some limited conversation Plaintiff including a statement that Plaintiff was not interested in the services being offered by the Defendant terminated the call.

25. The VA Loan Center called Plaintiff at 7:58 pm and 8:36 pm on August 28, 2012 as well as the following dates and times: 1:00 pm and 1:39 pm on August 29, 2012; and 1:03 pm on August 30, 2012.

26. On September 1, 2012, Defendant again called the Plaintiff at his home telephone number. Defendant's call was unsolicited, unwarranted, and unauthorized by Plaintiff. Plaintiff told the caller that he wanted the marketing calls to cease and desist. The caller for Defendant referred Plaintiff to an apparent supervisor with Defendant who stated Plaintiff should receive no further calls from the Defendant.

27. Plaintiff received no further calls from the VA Loan Center after Plaintiff's September 1, 2012 directive to Defendant to cease and desist from all marketing calls.

28. On September 21, 2012, Plaintiff mailed a letter to Defendant requesting Defendant provide a copy of it's internal do-not-call policy. Defendant has failed to provide any documents responsive to Plaintiff's request.

**DEMAND FOR TRIAL BY JURY**

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable pursuant Rule 38 of the North Carolina Rules of Civil Procedure.

## FIRST CAUSE OF ACTION

VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT (TCPA)

30. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

31. The TCPA instructs the Federal Communications Commission ("FCC") to promulgate regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Pursuant to this directive, the FCC has promulgated regulations prohibiting telemarketers from placing telephone calls to residential telephone subscribers without following certain procedures. 47 C.F.R. § 64.1200(d).

32. Defendant's above-referenced telephone call of August 28, 2012 to Plaintiff constituted a violation of the TCPA and 47 C.F.R. § 64.1200(d). Pursuant to 47 USC 227(c)(5), said violation entitles Plaintiff to recover minimum damages from the Defendant in the amount of $500.00. As Defendant's above-referenced telephone call of August 28, 2012 to Plaintiff was a willful and/or knowing violation Plaintiff is entitled to recover damages from the Defendant in the amount of $1,500.00.

33. Defendant's above-referenced telephone call of September 1, 2012 to Plaintiff constituted a willful and/or knowing violation of TCPA and 47 C.F.R. § 64.1200(d). Pursuant to 47 USC 227(c)(5), said violation entitles Plaintiff to recover minimum damages from the Defendant in the amount of $500.00. As Defendant's above-referenced telephone call of September 1, 2012 to Plaintiff was a willful and/or knowing violation Plaintiff is entitled to recover damages from the Defendant in the amount of $1,500.00.

34. Defendant's failure to provide Plaintiff with a copy of Defendant's internal do-not-call policy constitutes a violation of 47 C.F.R. § 64.1200(d)(1), an implementing regulation of the TCPA. Pursuant to 47 USC 227(c)(5), said violation entitles Plaintiff to recover minimum damages from the Defendant in the amount of $500.00. As Defendant's violation was a willful and/or knowing violation Plaintiff is entitled to recover damages from the Defendant in the amount of $1,500.00.

35. Consistent with 47 USC 227(c)(5), Defendant is vicariously liable for all phone calls made by the VA Loan Center to the Plaintiff which violated the TCPA. The VA Loan Center made a total of 35 phone calls to the Plaintiff for which Defendant is vicariously liable. Pursuant to 47 USC 227(c)(5), each violation entitles Plaintiff to recover minimum damages from the Defendant in the amount of $1,000.00. As such Plaintiff is entitled to recover damages from the Defendant in the amount of $17,500.00 for these 35 calls.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF NORTH CAROLINA TELEPHONE SOLICITATIONS ACT

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

37. The North Carolina Telephone Solicitations Act ("NCTSA") N.C. Gen. Stat. § 75-100 *et seq.* prohibits certain telephone solicitations by telephone solicitors to telephone subscribers. More specifically, the NCTSA prohibits telephone solicitations where there is either no established business relationship with a telephone subscriber or no other legitimate authorization to contact the telephone subscriber.

38. Defendant's above-referenced telephone call of August 28, 2012 to Plaintiff constitutes a violation of N.C. Gen. Stat. § 75-102(a). Pursuant to N.C. Gen. Stat. § 75-105(b)(2), said violation entitles Plaintiff to recover damages from the Defendant in the amount of $500.00.

39. Defendant's above-referenced telephone call of September 1, 2012 to Plaintiff constitutes a violation of N.C. Gen. Stat. § 75-102(a). Pursuant to N.C. Gen. Stat. § 75-105(b)(2), said violation entitles Plaintiff to recover damages from the Defendant in the amount of $1,000.00.

40. Pursuant N.C. Gen. Stat. § 75-105(d), Plaintiff is entitled to recover reasonable attorneys' fees by virtue of Defendant's above-stated willful violations of N.C. Gen. Stat. § 75-102(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered for an award of damages from the Defendant for a sum of Twenty-Three Thousand and Five Hundred Dollars ($23,500.00); for an award of the costs of suit, any discretionary costs as may be allowable by law, prejudgment and post-judgment interest, including reasonable attorney's fee for counsel for the plaintiff, and for further relief as the Court deems just and proper under the circumstances.

This the 26th day of July, 2013.

John T. O'Neal--O'Neal Law Office
Attorney for Plaintiff
N.C. State Bar #: 23446
7 Battleground Court
Suite 212
Greensboro, North Carolina 27408
Phone: (336) 510-7904
Fax: (336) 510-7965
E-mail: oneallaw@triadbiz.rr.com