IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MAHONEY, )
            Plaintiff, )
 )
v. ) 1:13CV703
 )
MORTGAGE INVESTORS )
CORPORATION OF OHIO, )
            Defendant. )

RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

     This matter is before the Court on a Motion to Dismiss [Doc. #8] filed by Defendant Mortgage Investors Corporation of Ohio ("Defendant"), seeking a partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). In this civil action, Plaintiff James Mahoney ("Plaintiff") seeks damages arising out of alleged improper telephone solicitation calls. Plaintiff's First Cause of Action alleges a violation of the federal Telephone Consumer Protection Act, while his Second Cause of Action alleges a violation of the North Carolina Telephone Solicitations Act. (Pl.'s Compl. [Doc. #3].) Defendant's present Motion to Dismiss [Doc. #8] seeks dismissal of only the Second Cause of Action.

     Plaintiff has not filed a Response to the Motion to Dismiss. On September 26, 2013, the Clerk's Office sent Plaintiff's counsel a letter [Doc. #12], advising that the Motion to Dismiss would be referred to the Court for consideration, without a hearing, as an unopposed motion unless counsel intended to respond and could show excusable neglect for not having responded within the allowed time period. Plaintiff did not respond to this letter. The Clerk's Office subsequently contacted Plaintiff's counsel again on October 25, 2013, and Plaintiff's counsel confirmed that Plaintiff would not be filing a response to Defendant's motion, and did not

intend to file any objection to the dismissal of the Second Cause of Action. (Docket entry dated 10/25/2013.) Therefore, Defendant's motion is before the Court as an unopposed motion.

Pursuant to this Court's Local Rules, the respondent to a motion, "if opposing a motion, shall file a response." LR7.3(f). Moreover, "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." LR7.3(k).

In the present case, Plaintiff has indicated through counsel that he does not intend to file any opposition to the Motion to Dismiss. Therefore, in light of the lack of any response or objection by Plaintiff, the Court finds that Defendant's Motion to Dismiss Plaintiff's Second Cause of Action is unopposed, and that pursuant to Local Rule 7.3(k), the Motion to Dismiss should be granted as an uncontested motion and Plaintiff's Second Cause of Action should be dismissed.[1]

---

[1] In considering the issues raised in the Motion to Dismiss, the Court notes that the Telephone Consumer Protection Act of 1991("TCPA") outlaws certain "telemarketing" activity, and a claim under the TCPA may be brought in federal court, or "if otherwise permitted by the laws or rules of court of a State," in state court. 47 U.S.C. § 227(b)(3), (c)(5); Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 745 (2012) (concluding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA" and noting that "[b]eyond doubt, the TCPA is a federal law that both creates the claim Mims has brought and supplies the substantive rules that will govern the case"). North Carolina permits such claims to be brought in state court, and jurisdiction over TCPA claims would therefore be proper in North Carolina state court or in federal court. See id.; see also N.C. Gen. Stat. §§ 75-100 to 75-105. In considering the scope of the claims, the Supreme Court in Mims noted that "the Communications Act of 1934 grants to the [FCC] authority to regulate *interstate* telephone communications and reserves to the States authority to regulate *intrastate* telephone communications." Mims, 132 S. Ct. at 745 n.1 (emphasis added). Defendant contends that the TCPA preserves this distinction. 47 U.S.C. § 227(f). In light of this authority, Defendant in the present case seeks dismissal of Plaintiff's Second Cause of Action to the extent it purports to assert a separate state claim, beyond the TCPA claim, for interstate calls. Given Plaintiff's lack of response to the Motion to Dismiss, it appears that Plaintiff does not dispute this issue and may intend to assert only a TCPA claim, and not a separate, additional state law claim. Therefore, the Court will not undertake a further analysis of these issues. If Plaintiff wants to be heard in opposition, Plaintiff can request leave to file a Response out of time, but based on the record before the Court and the current lack of opposition from Plaintiff, the Court concludes that dismissal of the Second Cause of Action is appropriate. The Court notes that the dismissal of the Second Cause of Action would not affect the viability of the First Cause of Action.

IT IS THEREFORE RECOMMENDED that Defendant Mortgage Investor's Motion to Dismiss Plaintiff's Second Cause of Action [Doc. #8] be GRANTED as an uncontested motion, and that Plaintiff's Second Cause of Action for violation of the North Carolina Telephone Solicitations Act be dismissed, and that this matter proceed as to Plaintiff's First Cause of Action.

This, the 28th day of October, 2013.

                                        /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge